Mark C. Choate, AK #8011070
Jon M. Choate, AK #1311093
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (206) 424-9705
Email: lawyers@choatelawfirm.com

Attorneys for Plaintiffs

Filed in the Trial Courts
STATE OF ALASKA, FIRST DISTRICT
AT JUNEAU

DEC 2 4 2019

By_____Deputy

# IN THE IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| BEVERLY ANN ANDERSON Individually and as PERSONAL REPRESENTATIVE OF THE ESTATE OF CLIFFORD FRANCIS ADAMS, JR., AND MARIAN ADAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> JUNEAU EMERGENCY MEDICAL ASSOCIATES, INC., AND CITY & BOROUGH OF JUNEAU/BARTLETT REGIONAL HOSPITAL, <br><br> Defendants. | Case No. 1JU-19-1014 CI <br> Judge: Schally |

## COMPLAINT

Plaintiffs, by and through counsel of record, Choate Law Firm LLC, hereby claim and allege as follows:

COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 1 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 1 of 8

Exhibit A
1 of 8

1. Beverly Ann Anderson was appointed the personal representative of the Estate of Clifford Adams Jr. on September 24, 2018 in Case No. 1JU-18-00451 PR. The Estate of Clifford Adams, Jr., is making claims for his pre-death pain and suffering and wrongful death as allowed by Alaska law.

2. Plaintiff Beverly also brings this action individually for her losses and is a resident of the State of Alaska.

3. Plaintiff Marian Adams is a resident of the State of Alaska.

4. Defendant Juneau Emergency Medical Associates, Inc., (JEMA) is an Alaska corporation.

5. City & Borough of Juneau/Bartlett Regional Hospital (BRH) is owned by the City & Borough of Juneau, a municipal corporation in the State of Alaska.

6. The acts or omissions upon which this case is based occurred in Juneau, Alaska.

7. At all times pertinent to this Complaint, the employees of JEMA and BRH who are alleged to have acted negligently and in reckless disregard of Clifford Francis Adams, Jr.'s health and safety were acting within the scope of their employment.

8. On January 6, 2018, Clifford Francis Adams Jr. (hereinafter Adams) was treated at BRH by employees and agents of JEMA in the Emergency Room and BRH in the hospital.

9. When he was first brought to the Emergency Room by Capital City Fire & Rescue on January 6, 2018, with a history of a fall, loss of consciousness and complaints of neck pain. He was able to move his arms and legs. Approximately 30 minutes after he arrived, a CT-scan was taken of his neck.

COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 2 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

10. The CT of the cervical spine revealed fractures of C4 and C5 but Adams was not placed in a hard cervical collar despite his report of neck pain and the demonstrated fracture on the CT.

11. The radiology read of the CT noted the fractures are likely acute at C4 and C5 and recommended an MRI.

12. The CT also revealed extensive ossification throughout the cervical spine creating an ankylosed spine – which has a high risk of spinal cord injury even with non-displaced and seemingly benign fractures.

13. The presence of any fracture on a CT should have initiated an urgent/emergent MRI to evaluate for soft tissue injury and strict spine precautions to minimize the risk of further injury.

14. Instead of taking an immediate MRI and initiating strict spine precautions to minimize further injury, Adams was placed in a soft collar which provides less stabilization and protection for the neck.

15. Adams also subsequently reported while being in-patient that he had been having issues with falling for the last several weeks. This history should have caused any reasonable provider to have concerns about a progressive myelopathy from cervical spinal cord compression and a central cord compression. This was an additional reason to immediately obtain an MRI.

16. Physical examination showed significant weakness in Adams' upper extremities and 9/10 neck pain.

COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 3 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 3 of 8

Exhibit A
3 of 8

17. An immediate MRI which would most likely have confirmed an acute fracture of his spine at C4-C5.

18. Placing Adams in a properly fitting hard c-collar would have provided better stabilization and protection for his neck.

19. Adams continued to be treated by defendants without the necessary evaluation to further evaluate his neck fracture. Had that been done, he would have been sent immediately to Seattle for neurosurgery to stabilize his neck.

20. Adams continued to be treated by defendants without necessary protection and stabilization for his neck, given the confirmation that he had acute injury.

21. Adams spent the next 2 days at BRH without stabilization and protection for his neck, without an MRI and without access to neurosurgery.

22. On January 8, 2018, he complained of loss of use of his arms and legs. An MRI was finally taken on that day and confirmed that his spine at C4 had moved forward (anteriorly) 12 mm (almost ½ inch). This resulted in severe spinal cord compression, spinal cord injury and paralysis.

23. Adams was then placed in a properly fitting hard c-collar.

24. Now paralyzed, Adams was then transported to Swedish Medical Center in Seattle for emergent neurosurgery.

25. Adams underwent neurosurgery to stabilize his spine and reduce the compression on his spinal cord. Unfortunately, too much injury had occurred to his spinal cord and he remained paralyzed.

COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 4 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 4 of 8

Exhibit A
4 of 8

26. On January 15, 2018, he experienced "diaphragm paralysis" preventing him from breathing and death. He was 55 years old.

## COUNT I

27. Medical personnel employed by JEMA and BRH, including doctors, nurses, ANPs, Pas, and other providers breached the applicable standards of care, and were negligent in providing medical care to Adams. The negligent misconduct of these health care providers includes, but is not limited to, the failure to timely diagnose and treat Adams, and the failure to coordinate and manage his care, which proximately caused his catastrophic injuries and death. Such negligence includes, but is not limited to, the failure to meet standards of care applicable to Adams' condition, inadequate evaluation and treatment of his fractured neck, failure to obtain an immediate MRI to confirm the acute nature of the fracture and the risk he faced for subsequent injury to his spinal cord, failure to immobilize his neck and protect his spinal cord from movement of the vertebrae, failure to place him in an appropriately sized hard c-collar and failure to take reasonable steps to find one that fit him until after he was paralyzed, failure to care for a Native patient who on presentation had a history of a loss of consciousness (traumatic brain injury), severe neck pain, intoxication (which made it more important to assume brain and neck injury because of his inability to communicate), misdiagnosis, inadequate supervision of care providers, failure to timely transport to higher-level care, failure to have appropriately trained health care personnel to be responsible for his diagnosis, treatment, care and referral.
COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 5 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 5 of 8

Exhibit A
5 of 8

28. As a direct and proximate result of the negligent misconduct of the care providers described above, Adams and after his death, his estate, suffered past and future damages, including, but not limited to:

   a. Personal injuries, including the subluxation of his spine resulting in the compression of his spinal cord and paralysis;

   b. Diaphragm paralysis and death;

   c. Great physical and mental pain and shock;

   d. Agony and emotional suffering;

   e. Loss of enjoyment of life;

   f. Loss of love and companionship;

   g. Loss of future earning capacity.

## COUNT II

29. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

30. Medical personnel employed by JEMA and BRH, including doctors, nurses, ANPs, Pas, and other care providers engaged in reckless misconduct, and acted with reckless disregard for the rights of Adams. While knowing that Adams was a patient at high risk, his care providers knowingly and recklessly chose not to provide vigilant, continuous, and coordinated care such that he was denied proper and timely diagnosis and treatment for his broken neck. His care providers recklessly failed to take immediate action to obtain an MRI and failed to immobilize his neck even though the CT demonstrated an acute injury. They also failed to send

COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 6 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 6 of 8

Exhibit A
6 of 8

him to a higher-level facility where he could receive the care and treatment needed to stabilize his neck and protect him from further injury and death.

31. The risk of injuries and losses sustained by Adams were known and foreseeable by his care providers when he was treated and their reckless disregard of the risk of such injuries was the proximate cause of the damages he suffered and the subsequent losses to his estate.

32. Pursuant to AS 09.55.549(f), the limit imposed on noneconomic damages within that statute does not apply because Adams' care providers engaged in reckless misconduct and acted with reckless disregard for his rights and safety.

## COUNT III

33. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

34. Marian Adams in the mother of Clifford Adams, Jr. He provided her with support and care, including taking care of her personal needs, maintaining and repairing her home, providing her with food including native foods.

35. She has been deprived of his care and support as a result of his injury and death as a result of the negligent and reckless conducts of the defendants.

36. She also suffered severe emotional distress as a result of observing her son being negligently treated by defendants and dying in Seattle.

37. Defendants' negligent and or reckless conduct was a substantial factor in causing harm to Marian Adams. That harm exceeds $100,000.00.
COMPLAINT
*Estate of Adams et al. v. JEMA & BRH*
Page 7 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 7 of 8   Exhibit A
7 of 8

## COUNT IV

38. The preceding paragraphs of this Complaint are hereby incorporated by reference as if herein stated.

39. Beverly Anderson is the sister of Clifford Adams, Jr.

40. She suffered severe emotional distress as a result of observing her brother being negligently treated by defendants and subsequently dying in Seattle.

41. Defendants' negligent and or reckless conduct was a substantial factor in causing harm to Marian Adams. That harm exceeds $100,000.00.

WHEREFORE, plaintiffs pray for relief as follows:

a. An amount in excess of $100,000.00, the exact amount to be determined at trial.

b. For costs and such other and further relief as this Court deems just and equitable.

DATED this 24th day of December, 2019.

CHOATE LAW FIRM LLC
Attorneys for Plaintiffs

By: _____
Mark Choate AK#8011070
Jon Choate AK#1311093

THIS MATTER IS FORMALLY ASSIGNED TO
DANIEL SCHALLY
SUPERIOR COURT JUDGE

*Estate of Adams et al. v. JEMA & BRH*
Page 8 of 8

CHOATE LAW FIRM LLC
424 N. Franklin St. Juneau, Alaska 99801
Tel: (907) 586-4490 Fax: (206) 424-9705
lawyers@choatelawfirm.com

Case 1:20-cv-00010-SLG   Document 1-1   Filed 09/18/20   Page 8 of 8     Exhibit A
8 of 8